IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

GLORIA VENTURA,

 Plaintiff,

  v.

AMERICA'S SERVICING COMPANY et al.,

 Defendants.

Civil Action No. 8:13-cv-02087-AW

## **MEMORANDUM OPINION**

Pending before the Court are Defendants' Motion to Dismiss and Defendants' Motion for Leave to File Supplement Exhibit. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES AS MOOT** Defendants' Motion for Leave to File Supplement Exhibit.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court takes the following facts from pro se Plaintiff Gloria Ventura's Complaint, real estate records, and state court judicial documents. Courts may consider such documents without converting motions to dismiss into motions for summary judgment as courts may take notice of such matters when ruling on motions to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citing cases).

The instant case sounds in mortgage fraud. Plaintiff has sued the following entities: America's Servicing Company (America); Wells Fargo Bank (Wells Fargo); Vantria FCU (Vantria); U.S. Bank; and Jane and John Doe (1-100). The appellation "Defendants" refers to these entities collectively.

Plaintiff Gloria Ventura (Plaintiff) and her husband, Juan Majano, own real property located at 1743 Red Oak Lane, Waldorf, Maryland 20601 (the Property). On January 8, 2004, Posey Properties, LLC, in consideration of $290,000, granted Ventura and Majano the deed to said Property. On May 18, 2005, Ventura and Majano executed a Note and Deed of Trust in the amount of $324,000 to refinance the Property. *See* Doc. No. 15-4; Doc. No. 15-6. The Note names Union Federal Bank of Indianapolis as the lender. Via the same instrument, Union Federal assigned the Note to U.S. Bank National Association, as Trustee for Bear Stearns Assert Backed Securities I Trust, Asset Backed Certificates, Series 2005-AC5. *See* Doc. No. 15-4 at 5; *see also* Doc. No. 15-5. On June 20, 2011, Ventura and America, which is a division of Wells Fargo, executed a Loan Modification Agreement (Agreement) modifying the unpaid principal balance of $323,999.59 to $353,247.18. The Agreement also provided for monthly payments of $1,703.35 at a yearly interest rate of 5% until the maturity date of August 1, 2051. *See* Doc. No. 15-7 at 2.[1]

In July 2012, Plaintiff alleges that she requested a debt validation under the FDCPA from America and Vantria. Plaintiff further alleges that America and Vantria failed to respond to her request. Relatedly, Plaintiff alleges that Defendants failed "to keep correct and accurate business records." Doc. No. 2 ¶ 15.

---

[1] In addition to doing business as America, Wells Fargo acts as attorney-in-fact for U.S. Bank Trustee in certain circumstances. *See* Doc. No. 15-8.

Plaintiff also alleges that, on an unspecified date, unspecified Defendants promised her a novation or loan modification if she failed to make three months of payments. Similarly, Plaintiff alleges that unspecified Defendants failed to modify her home loan after she entered into an agreement of some sort.

Plaintiff makes a handful of other loosely connected allegations. For instance, Plaintiff alleges that unspecified Defendants (1) charged her excessively, (2) initiated a foreclosure without showing a right to the Note, and (3) participated in a scheme to steer Hispanic homeowners into risky subprime loans.

This case was removed on July 19, 2013. Plaintiff's Complaint was registered on the same day. Based on the foregoing allegations, Plaintiff asserts the following claims: (1) negligence; (2) declaratory relief; (3) specific performance; (4) accounting; (5) breach of contract; (6) violation of FDCPA; (7) request for a TRO; (8) fraud; (9) quiet title; and (10) federal civil rights violation. Defendants filed a Motion to Dismiss on July 26, 2013. Doc. No. 15. The Clerk mailed a Rule 12/56 letter to Plaintiff on July 29, 2013. Doc. No. 16. The Rule 12/56 letter gave Plaintiff until August 15, 2013 to respond to Defendants' Motion to Dismiss. This date has come and gone and Plaintiff has yet to respond.

## II. STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This

showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. ANALYSIS

### A. Negligence

Plaintiff has failed to state a facially plausible negligence claim. As this Court has consistently held, "[c]ourts have been exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or to impose any duties on the bank not found in the loan agreement." *Currie v. Wells Fargo Bank, N.A.*, Civil Action No. 8:12–cv–02461–AW, 2013 WL 2295695, at *12 (D. Md. May 23, 2013) (citations and internal quotation marks omitted). This case, as with *Currie*, "presents a typical, arm's-length creditor/debtor relationship founded on a mortgage loan." Accordingly, Plaintiff's negligence claim fails as a matter of law. Furthermore, even if

4

Defendants owed Plaintiff a duty of care under the facts of this case, Plaintiff's sparse and vague allegations that Defendants failed to keep correct and accurate business records and to furnish her with the documentation she requested are insufficient to sustain a plausible inference that Defendants breached this duty. Nor could one plausibly infer a causal connection between Plaintiff's alleged injuries and the alleged breach. Accordingly, Plaintiff's negligence claim is not cognizable.

**B.     Breach of Contract/Specific Performance**

Plaintiff's breach of contract and related claims fail as a matter of law. Plaintiff predicates her breach of contract and related claims on allegations that unspecified Defendants failed to modify her home loan as promised, charged her excessively, and initiated foreclosure proceedings without a contractual right to do so. At the outset, documentation in the record contradicts Plaintiff's allegation that she did not receive a loan modification. That aside, Plaintiff's sparse and vague allegations are insufficient to support a breach of contract claim. Under Maryland law, "[t]he formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004) (citation omitted). There are no allegations from which one could plausibly infer mutual assent, an agreement definite in its terms, or sufficient consideration. Furthermore, although Plaintiff failed to expressly plead a promissory estoppel claim, such a claim would fail because one could not plausibly infer the existence of a clear and definite promise or reasonable reliance. *See generally Pavel Enters., Inc. v. A.S. Johnson Co., Inc.*, 674 A.2d 521, 532 (Md. 1996) (stating the elements of promissory estoppel).

**C.      Fraud**

Plaintiff has failed to plead a facially plausible fraud claim. The elements for fraudulent misrepresentation under Maryland law are well-established. They are: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Nails v. S & R, Inc.*, 639 A.2d 660, 668 (1994) (citing cases). The elements of fraud must be proved by clear and convincing evidence. *See id.* at 664.

Fraud claims also must be pleaded with particularity. Fed. R. Civ. P. 9(b). "[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784 (citation and internal quotation marks omitted).

In this case, Plaintiff essentially alleges that unspecified Defendants promised to modify her loan if she stopped making payments for three months and then failed to honor the promise. Absent more supporting allegations, one could not plausibly infer that Plaintiff's alleged decision to stop paying making mortgage payments in reliance on this vague promise was justifiable. Nor could one plausibly infer that this alleged misrepresentation caused Plaintiff's alleged damages. What is more, Plaintiff has failed to plead her fraud claim with particularity. Minimally, Plaintiff has not adequately alleged the time or place of the misrepresentation, who made it, and what that person or entity gained thereby. For these reasons, Plaintiff's fraud claim fails as a matter of law.

**D. FDCPA**

Plaintiff's FDCPA claim fails as a matter of law. Plaintiff's sparse and vague allegations that she requested a debt validation and received no response is insufficient to support a plausible inference that she complied with the procedures outlined in 15 U.S.C. § 1692g. *See* 15 U.S.C. § 1692g(b); *cf. Brown v. Bank of Am.*, N.A., Civil Action No. AW–10–cv–1661, 2012 WL 380145, at *5 (D. Md. Feb. 3, 2012). Furthermore, Plaintiff's claim would fail as a matter of law to the extent she bases it on Defendants' initiation of the state foreclosure proceedings. *See Reid v. New Century Mortg. Corp.*, Civil Action No. 8:12–cv–02083–AW, 2012 WL 6562887, at *5 (D. Md. Dec. 13, 2012). Accordingly, Plaintiff has failed to plead a facially plausible FDCPA claim.

**E. Federal Civil Rights Violation**

Plaintiff's apparent 42 U.S.C. § 1983 claim fails as a matter of law as her allegations fail to sustain a plausible inference that Defendants are state or federal actors. *See* 42 U.S.C. § 1983 (emphasis added) ("Every person who, **under color of any [law] of any State or Territory or the District of Columbia**[] subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . shall be liable to the party . . . ."); *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991) (citing *Nat. Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)) ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government."); *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 216 (4th Cir. 1993) ("In our constitutional scheme, state action doctrine protects the private sector from the restrictions imposed on the conduct of government"). Nor is there any suggestion that the private Defendants share a "'sufficiently close nexus'" with state actors such that the actions of the former "'may be

fairly treated as that of the [s]tate itself.'" *See, e.g.*, *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 884 (D. Md. 2012) (alteration in original) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Accordingly, Plaintiff's putative § 1983 claim fails as a matter of law.

**F.      Remaining Claims**

The Court summarily dismisses Plaintiff's remaining claims. The accounting claim is too far afield of Plaintiff's allegations to support a cognizable cause of action. *See generally P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd.*, 549 A.2d 403, 409–11 (Md. Ct. Spec. App. 1988). The quiet title claim fails, inter alia, because state foreclosure proceedings are currently pending to enforce Defendants' rights under the Note and associated documentation. *Cf.* Md. Code Ann., Real Prop. § 14–108(a). Similarly, the declaratory relief claims fails because, inter alia, the Court would abuse its discretion by exercising jurisdiction this claim in light of the pending state foreclosure proceedings. *Cf. Great Am. Ins. Co. of New York v. Day*, Civil Action No. 8:13–cv–00231–AW, 2013 WL 2139516, at *1–2 (D. Md. May 14, 2013). Finally, Plaintiff's request for a TRO fails because she has failed to state facially plausible claims, let alone clearly shown a likelihood of success on the merits. *See generally Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

**IV.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES AS MOOT** Defendants' Motion for Leave to File Supplement Exhibit. A separate Order follows.

|  |  |
|---|---|
| August 19, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |